UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SAMUEL DEEMI,** | Civil Action No. 16-5326 (MCA) |
| Petitioner, | |
| v. | **MEMORANDUM AND ORDER** |
| **CHARLES GREEN,** | |
| Respondent. | |

This matter having been opened to the Court by Petitioner's filing of a Petition for Writ of Habeas Corpus challenging his prolonged detention pursuant to 28 U.S.C. § 2241 (ECF No. 1), and it appearing that:

1. Petitioner stated in his Petition that he has been held without a bond hearing by Immigration and Customs Enforcement ("ICE") since February 27, 2015. (*Id.*, Pet. at ¶ 12.)

2. On September 8, 2016, the Court ordered Respondent to state the basis for Petitioner's detention and to respond to the allegations in the Petition. (ECF No. 2.)

3. On October 11, 2016, Assistant United States Attorney ("AUSA") Allan B. K. Urgent filed a letter response on behalf of Respondent. (ECF No. 4.) The letter informs the Court that Petitioner is detained pending his removal proceedings pursuant to 8 U.S.C. § 1226(c). (*Id.* at 2.) The letter also states as follows: "based upon the facts of this particular case, the Government does not object to the Court remanding this matter to the Immigration Judge, and ordering a bond hearing for the Petitioner[.]" (*Id.* (citing 8 C.F.R. § 1003.19(c).)

4. As noted in Mr. Urgent's letter, the Third Circuit recently held that the Due Process

Clause limits the Government's authority under 8 U.S.C. § 1226(c) to detain an alien without bond once the burdens to the alien's "liberties outweigh[] any justification for using presumptions to detain him without bond to further the goals of the statute." *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 478 (3d Cir. 2015) (finding that "beginning sometime after the six-month timeframe considered by *Demore* [*v. Kim*, 538 U.S. 510 (2003)], and certainly by the time Chavez–Alvarez had been detained for one year, the burdens to Chavez–Alvarez's liberties outweighed any justification for using presumptions to detain him without bond to further the goals of the statute"). The Third Circuit noted, however, that the determination of reasonableness of detention is "highly fact-specific." *Id.* at 474, 476-477 (explaining that the Petitioner's good faith, the bona fides of Petitioner's challenge, and the reasonableness of the Government's conduct matter in determining when "a tipping point had been reached on the reasonableness of this detention").

5. Here, Respondent states that Petitioner has been held in ICE custody since February 25, 2015. (ECF No. 4, Letter at 2.) Respondent has also informed the Court that Petitioner's detention is governed by § 1226(c), and that the United States does not object to Petitioner's request for a bond hearing. (*Id.*) For these reasons, and because Petitioner's case does not appear meaningfully distinguishable from *Chavez-Alvarez*, this Court will grant the Petition and order an Immigration Judge to conduct a bond hearing for Petitioner.

**IT IS, THEREFORE,** on this 27th day of October, 2016,

**ORDERED** that the Petition for a writ of habeas corpus (ECF No. 1) is GRANTED; and it is further

**ORDERED** that an Immigration Judge shall provide Petitioner with an individualized bond hearing, pursuant to 8 U.S.C. § 1226, within ten (10) days of the date of this Order; and it is further

**ORDERED** that the Government shall report the outcome of the bond proceeding to this Court within seven (7) days after it occurs; and it is further

**ORDERED** that the Clerk shall send a copy of this Order to Petitioner, and shall close the file.

Madeline Cox Arleo, District Judge
United States District Court